139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenny Wayne McCLENAHAN, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA,Respondent-Appellee.
 No. 96-1933.
 United States Court of Appeals, Seventh Circuit.
 Jan. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois.
 Before FAIRCHILD, CUMMINGS, and MANION, C.J.
 ORDER
 BEATTY, Judge.
 
 
 1
 Kenny Wayne McClenahan appeals the district court's order dismissing his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct 97 month sentence imposed against him for transporting a minor with the intent that such minor engage in sexual activity in violation of the Mann Act. 18 U.S.C. § 2423. In his § 2255 motion McClanahan argued that he was denied effective assistance of counsel when his counsel encouraged him to agree to a written plea agreement applying sentencing guidelines U.S.S.G. §§ 2G1.2(c)(2) and 2A3.1(a) to his offense. McClenahan argues that other guidelines, namely U.S.S.G. § 2A3.2, would be more appropriate and, correspondingly, would result in a considerably lower sentence. The district court denied the motion, however, on grounds that since the correct sentencing guidelines were applied, McClenahan was not denied effective assistance of counsel and therefore could not obtain post-conviction relief under § 2255. McClenahan now appeals this determination.
 
 
 2
 McClenahan pleaded guilty. In the plea agreement, he agreed that the base offense level for his crime was 27; that the age of his victim (12-16 years) increased the offense level to 29; and that the victim's being in his custody, care and supervisory control increased it to 31. The government agreed to reduce the offense level to 28 on account of acceptance of responsibility. These agreed levels resulted from an application of U.S.S.G. § 2A3.1
 
 
 3
 The Sentencing Guidelines' statutory index indicates that § 2G1.2 applies to the interstate transportation offense in question. Section 2G1.2(c)(2), however, requires an application of § 2A3.1 "[i]f the offense involved criminal sexual abuse." Thus, the issue between the parties is whether McClenahan's counsel rendered ineffective assistance when he concluded that his client's conduct with the victim was "criminal sexual abuse."
 
 
 4
 The parties stipulated that McClenahan drove from his home in Illinois to a resort in Missouri with the thirteen year-old victim and several other boys. Eventually, McClenahan got into bed with the victim, "where [the victim] and McClenahan engaged in oral sex. According to [the victim] McClenahan did not force him to have sex. Rather, McClenahan talked him into having sex." McClenahan's sexual; conduct with the victim was not an element of his federal offense, although it was appropriate for consideration as harm resulting from acts occurring during the commission of the offense of conviction. Sentencing Guideline § 2G.1.2(c)(2) does not define "criminal sexual abuse," nor does it refer to 18 U.S.C. §§ 2241 or 2242 and their explanations of sexual abuse (unlike U.S.S.G. § 2A3.2(c), which does refer to §§ 2241 and 2242). In light of this absence, we conclude that "criminal sexual abuse" under § 2g1.2(c)(2) means a sexual offense under the law of the jurisdiction where the conduct occurs (here Missouri) or conduct that would be a federal criminal offense if committed with a link to a federal jurisdiction.
 
 
 5
 At the time of the events in this case, Missouri Statute § 566.060(3) made it a crime to have "deviate sexual intercourse with another person to whom [the offender] is not married who is less than fourteen years old." Mo.Ann.Stat. § 566060(3) (West 1996). Thus, in this case, criminal sexual abuse clearly was involved. Moreover, 18 U.S.C. § 2243 is entitled "Sexual abuse of a minor or ward," and subsection (a) punishes conduct (with a like to federal jurisdiction) of one who "knowingly engages in a sexual act with another person who--(1) has attained the age of 12 years but has not attained the age of sixteen years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a). Thus, the conduct at issue here would have been criminal sexual abuse if committed with a line to federal jurisdiction. Similarly, 18 U.S.C. § 2242(2) is entitled "Sexual abuse," and subsection (2) punishes conduct (with a link to federal jurisdiction) of one who knowingly "engages in a sexual act with another person if that other person is--(A) incapable of appraising the nature of the conduct." 18 U.S.C. § 2242(2)(A). Although the record contains no demonstration or finding concerning the victim's capability of appraisal, it may well have been possible for the government to have established incapability.
 
 
 6
 In any event, it was sufficiently clear that McClenahan's offense involved criminal sexual abuse such that his counsel was not ineffective in failing to contest the point. The judgment appealed from is therefore AFFIRMED.